IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SELMA HATICH,

                                                  OPINION AND ORDER

                Plaintiff,

                                         20-cv-526-bbc

      v.

CITY OF JANESVILLE COMMUNITY
DEVELOPMENT AUTHORITY,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff Selma Hatich, who is represented by counsel, has brought this proposed civil action under 42 U.S.C. § 1983, alleging that defendant City of Janesville Community Development Authority terminated her benefits under the Section 8 Housing Choice Voucher Program in violation of the due process clause of the Fourteenth Amendment. Because plaintiff is proceeding without prepayment of the filing fee, her complaint must be screened under 28 U.S.C. § 1915(e) to determine whether her complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who is immune from such relief.  Although plaintiff's allegations suggest that she may state a procedural due process claim, she will not be allowed to proceed until she amends her complaint to name a proper defendant.


OPINION

        Plaintiff alleges that she was a participant in the Section 8 Housing Choice Voucher Program operated by defendant City of Janesville Community Development Authority.  The

Section 8 program fixes an eligible tenant's portion of rent at approximately 30 percent of the tenant's income, and defendant provides a voucher for the remaining amount of rent. Plaintiff further alleges that on August 21, 2018, defendant issued her a written notice, informing her that her participation in the voucher program was being terminated because an unauthorized individual, Neat Demiri, was residing with her. Plaintiff requested and received an informal hearing. In advance of the hearing, defendant provided the hearing officer a confidential memorandum stating that plaintiff was being terminated from the program because of an unauthorized use of her mailing address, but defendant did not provide plaintiff a copy of the memorandum either before or during the hearing.

Plaintiff alleges that even though she presented evidence at the hearing that Demiri did not reside with her, the hearing officer found that plaintiff "may have had Neat Demiri living in the residence *or* allowed him to receive mail at the address" and that there was "no question as to whether Ms. Hatich allowed Neat Demiri to *either* live in or receive mail at the residence." According to plaintiff, receipt of mail for someone who does not reside with a program participant is not a legal basis to terminate participation in the Section 8 program.

Plaintiff successfully appealed the hearing officer's decision in the Circuit Court for Rock County, which found that defendant did not provide plaintiff adequate notice of the reasons for her termination and did not comply with due process. Although plaintiff was again allowed to participate the voucher program, she did not receive rent assistance for a period of 10 months while her appeals were pending.

Plaintiff's allegations implicate the due process cause of the Fourteenth Amendment,

which forbids the government from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Court of Appeals for the Seventh Circuit has held that "participants who have been issued certification for rent assistance have a property interest in the assistance and must be heard before being expelled from the program." Khan v. Bland, 630 F.3d 519, 527-28 (7th Cir. 2010). See also Price v. Pierce, 823 F.2d 1114, 1122 (7th Cir. 1987) ("Section 1983 may be used as a vehicle for suing state housing officials, such as the head of [a state housing agency], for [the deprivation of] rights under federal housing law."). Plaintiff's allegations that she did not receive adequate notice of the reason for her termination from the rent assistance program and was denied rent assistance for 10 months suggest a violation of her right to procedural due process. However, plaintiff has not named as a defendant any individual responsible for the alleged violation.

Defendant City of Janesville Community Development Authority is not a "person" who may be sued under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989) (§ 1983 claims may only be brought against "persons"). A community development or housing authority is an independent "body politic" and may be authorized to act as an agent of the city. Wis. Stat. Ann. §§ 66.1333(3)(f) and 66.1335(1); Sonday v. Dave Kohel Agency, Inc., 2006 WI 92, ¶ 36, 293 Wis. 2d 458, 478-79, 718 N.W.2d 631, 640-41. However, even though Wisconsin municipalities may be sued, Wis. Stat. § 62.25, they cannot be held liable under § 1983 unless the alleged constitutional violation was caused by an unconstitutional policy or custom. Thomas v. Cook County Sheriff's Department, 604

F.3d 293, 303 (7th Cir. 2010) (citing <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 690 (1978)).   Plaintiff's allegations do not suggest that defendant's policies or procedures were responsible for the alleged violation of her procedural due process rights.   Rather, her allegations suggest that any errors were the result of actions taken by an individual employee or employees.   Accordingly, I will dismiss the City of Janesville Community Development Authority as a defendant in this case.

Because it is likely that plaintiff can name a proper defendant, I will dismiss her complaint without prejudice and give her an opportunity to file a proposed amended complaint that names a proper defendant or defendants.   (If plaintiff does not know the names of the individuals personally responsible for the alleged constitutional violations, she may identify them in her proposed amended complaint as either "John Doe" or "Jane Doe" defendants.)

Plaintiff may have until July 22, 2020 to file a proposed amended complaint. If plaintiff files an amended complaint by July 22, I will screen it under § 1915(e)(2) to insure that any new allegations state a constitutional claim upon which relief may be granted.   If plaintiff does not file an amended complaint as directed, this case will be closed without further notice.

ORDER

IT IS ORDERED that

1.  Plaintiff Selma Hatich's complaint is DISMISSED WITHOUT PREJUDICE.

2. Defendant City of Janesville Community Development Authority is DISMISSED.

3.  Plaintiff has until July 22, 2020 within which to file a proposed amended complaint that names a proper defendant.

4.  If plaintiff does not file an amended complaint by July 22, 2020, this case will be closed without further notice.

Entered this 1st day of July, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5